GEORGE BARKLEY, Appellant, *v.* DUDLEY OLCOTT, J. HOWARD KING and ABRAHAM VAN VECHTEN, Respondents.

*Principal and agent — exclusive authority to sell real estate at a fixed sum — offer of the property by the principal at a less price — what must be shown to justify a recovery of commissions by the agent — estoppel.*

The plaintiff's assignor on December 12, 1887, was given by the defendants, the owners of certain iron furnaces, the exclusive privilege for six months, unless previously revoked by a notice of thirty days, to sell such furnaces for $125,000, upon a commission of $5,000. He did not effect a sale, but brought an action to recover his commission, alleging that the defendants, by offering the property for sale for $100,000, had "broken the market" upon him and thus deprived him of the opportunity to earn his commission:

*Held*, that it rested upon the plaintiff to show that there was a market for the property, and that it could have been sold, and that his ability to sell the property was affected by the alleged offer thereof by the defendants at a lower price.

The plaintiff's assignor wrote to the defendants, stating that his only offer at that date was one from Messrs. Weed, Clark & Weston, who would like to lease for six months with the privilege to buy, and saying, further, "So I leave this matter in your hands now. I have brought it to a focus and leave you to arrange with Mr. G. B. Clark, 52 Wall street, New York, and know, if it goes through, you will pay me what is right for commission, etc.; and if it does not go through, and you sell elsewhere, you will then send me a check for my time, trouble and expenses up to date."

*Held*, that the defendants were entitled to act upon this letter, and to assume that the transaction stated therein was the final one respecting the sale of the property by the plaintiff's assignor, and that he left its further charge in their hands, and in case of its failure permitted them to sell the property elsewhere.

APPEAL by the plaintiff from a judgment dismissing the plaintiff's complaint on the merits, entered upon the verdict of a jury at the Albany Circuit, rendered by direction of the court in favor of the defendants, which judgment was entered in the office of the clerk of the county of Albany on the 28th day of December, 1888.

The action was brought to recover damages arising from the alleged breach by the defendants of an agreement in writing, under date of December 12, 1887, by which Austin G. Gorham, the assignor of the plaintiff, was given the exclusive authority to sell certain blast furnaces on the island south of the city of Albany, and was to receive $5,000 in case he effected a sale. The instrument of

authority provided as follows: " You are hereby authorized by the undersigned, purchasers and owners of the works and plant * * * and are hereby given exclusive authority to sell the said works and plant (formerly of the Albany City Iron Company) for the sum of one hundred and twenty-five thousand dollars ($125,000). This authority is to continue in force for six months, unless previously revoked, and is only to be revoked before the expiration of said time by a notice of thirty days of an intention and desire to revoke and terminate this authority, to be personally served on you."

On April 3, 1888, a letter was written by Austin G. Gorham to the defendants, as follows:

" GENTLEMEN. — My only offer at this writing is one from Messrs. Weed, Clark & Weston, trustees for the Hudson Ore and Iron Company at Burden Station, N. Y., who would like to lease for six months, with privilege to buy. I believe that if you lease to them, as they suggest, they probably would buy. They say they will not buy without leasing first. They will probably pay fifty cents a ton lease on the output of furnaces during time of lease. I must go to Denver at 1.15 P. M. to-day to attend a stockholders' meeting there on Saturday, so I leave this matter in your hands now. I have brought it to a focus, and leave you to arrange with Mr. G. B. Clark, 52 Wall street, New York, and know, if it goes through, you will pay me what is right for commissions, etc., and if it does not go through and you sell elsewhere, you will then send me check for my time, trouble and expenses up to date."

It was claimed by the plaintiff that the defendants, during the period of time for which he had the exclusive authority to sell the works and plant above mentioned, offered the same for $100,000, and thus "broke the market" upon him.

*George B. Wellington*, for the appellant.

*Marcus T. Hun*, for the respondents.

LANDON, J.:

Gorham, the plaintiff's assignor, had a contract with the defendants, whereby he was given the exclusive privilege for six months from December 12, 1887, subject to be revoked by a notice of thirty days, to sell a certain iron-making establishment of the defendants

for $125,000, upon a commission of $5,000. He did not effect any sale, but brings this action to recover his commission, alleging that the defendants by their action "broke the market" and thus deprived him of the opportunity to earn his commission. The trial court, at the close of the case, directed a verdict for the defendants.

The testimony, taken in the favorable light in which plaintiff's counsel states it, is that about March 20, 1888, a committee of three persons proposed to Gorham to hire the property for six months, with a right to buy it at $125,000 at the end of that period. What the conversation between Gorham and this committee was, does not appear, but Gorham testifies that he then went to the defendant King and stated to him, in the presence of the other defendants, that the committee had told him that they had been offered the property at $100,000, and that Mr. King admitted that he had told a gentleman in New York, a Mr. Mould, that the property was in Mr. Gorham's hands for sale at $125,000, but that the defendants would accept $100,000 for it. Mr. King denied this conversation, but admitted he had said to Mould that he would be glad if a purchaser could be found at $100,000. Gorham testified that the offer to sell at $100,000 ruined the market at $125,000.

It does not otherwise appear that there was any market of the property at $125,000, or even at $100,000. The nearest approach to a market at $125,000, shown by the evidence, was the proposed option of the committee, to be determined after the experimental lease of six months. No one testified that the committee had said that the property had been offered to them at $100,000, or that if they made the statement they had any foundation for it, or that the remark of Mr. King had reached them. There is no evidence that the conversation between Mr. King and Mr. Mould ever reached the market or any intending purchaser. Before a jury would be justified in finding that such a remark prejudiced Mr. Gorham, there ought to be some evidence tending to show that he probably had or could have found a market at $125,000, and that the remark reached it.

We may concede that such a remark, if not contradicted, would ruin the market at $125,000, but a jury ought not to find that there was a market thus ruined, in the absence of evidence tending to show it, and in the presence of evidence, which the case affords,

tending strongly to show that there was no such market. The result of the conversation between Gorham and the defendants in March was, that on March 23, 1888, Gorham had solicited and obtained the right for ten days to sell the property for $100,000. On the 3d of April, 1888, he wrote the defendants, "my only offer at this writing is one from Messrs. Weed, Clark & Weston" (the committee above mentioned), "who would like to lease for six months, with privilege to buy, * * * they will not buy without leasing first." The letter then stated that he was obliged to leave for Denver, and added : ". So I leave this matter in your hands now ; I have brought it to a focus and leave you to arrange with Mr. B. G. Clark, 52 Wall street, N. Y., and know that if it goes through you will pay me what is right for commissions, etc., and if it does not go through, and you sell elsewhere, you will send me check for my time, trouble and expenses to date." No arrangement was completed with this committee, and the defendants on April 7, 1888, sent a formal notice to the plaintiff terminating his authority, and gave authority to Mr. Mould to sell the property at $100,000, subject to Mr. Gorham's rights if he had any.

The defendants certainly had the right to act upon Mr. Gorham's letter of April third, and to assume that the transaction he was negotiating was his final one respecting the sale of the property, and that he left its further charge in their hands, and in case of its failure permitted them to sell the property elsewhere. The net result is that Mr. Gorham failed to market the property and has failed to show that he did so through the fault or misconduct of the defendants. It does not appear that the property has since been sold, and, therefore, no case is presented in which the defendants have, in any way, been benefited by Gorham's efforts. We think that in no reasonable aspect of the case would the jury have been justified in finding for the plaintiff.

INGALLS, J., concurred; LEARNED, P. J., not acting.

Judgment affirmed, with costs.